Marc Van Der Hout (California Bar # 80778)
Zachary Nightingale (California Bar #184501)
Avantika Shastri (California Bar # 233453)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Petitioners
Graham SIMPSON, and
Barbara DAVISON

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Graham SIMPSON, and<br>Barbara DAVISON<br><br>Petitioners,<br><br>v.<br><br>Robin BARRETT, in her Official Capacity, Field Office Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, San Francisco, California; Rosemary MELVILLE, in her Official Capacity, District Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security, San Francisco, California; Emilio T. GONZALEZ, in his Official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Michael CHERTOFF, in his Official Capacity, Secretary, U.S. Department of Homeland Security; Peter D. KEISLER, in his Official Capacity, U.S. Attorney General, U.S. Department of Justice; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation<br><br>Respondents. | Case No. _____<br><br>C 07 5008 JSW<br><br>**PETITION FOR WRIT OF MANDAMUS**<br><br><u>Immigration Case, Administrative Procedure Act Case</u><br><br>Agency No.: A 98-256-652 |

# **INTRODUCTION**

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

2. This action seeks to compel the Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), to adjudicate in an expedited manner the Petition for Alien Relative (Form I-130) ("I-130 visa petition"), filed by Petitioner Barbara DAVISON ("Petitioner Davison") on behalf of her husband, Petitioner Graham SIMPSON ("Petitioner Simpson"), and Petitioner Simpson's concurrently-filed Application to Adjust Status (Form I-485) ("AOS application"). See Declaration of Zachary Nightingale ("Nightingale Dec.") at Exhibits ("Exh.") C, D, E. Both the I-130 visa petition and the AOS application were properly filed on or about September 14, 2004. The I-130 visa petition forms the basis for Petitioner Simpson's eligibility for permanent residence, pursuant to 8 C.F.R. § 245.2(a)(2). The I-130 visa petition and AOS application have now been pending for over three years.

3. On or about February 9, 2005, Petitioners Simpson and Davison were interviewed at the San Francisco USCIS District Office in regards to Petitioner Simpson's application for adjustment of status. Id. at Exh. G. At the conclusion of the interview, Petitioners received a notice stating that the application was pending for security clearances. Id. at Exh. H. Since that time, to Petitioners' knowledge, no action has been taken on the AOS application.

4. According to the USCIS website, as of September 15, 2007, the agency's current processing time for AOS applications is six months. Id. at Exh. J. Although Petitioner Simpson is eligible for adjustment of status, and has submitted all required and

requested documentation, the adjudication of his AOS application lags approximately two and half years behind normal processing time. The delay in adjudication is unreasonable and unlawful. Thus, Petitioners file this writ for mandamus action.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

6. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in San Francisco, California, in the Northern District of California; and because Petitioner resides in the Northern District of California and there is no real property involved in this action.

## INTRADISTRICT ASSIGNMENT

7. This action should be assigned to the San Francisco or Oakland Division because a substantial part of the events and omissions giving rise to this claim occurred within the jurisdiction of those divisions, and because Petitioner resides in those divisions. See Local Rules 3-2(c), (d).

## PARTIES

8. Petitioner Graham Simpson is a native and citizen of the United Kingdom. He resides in El Cerrito, California with his wife, Petitioner Barbara Davison, who is a citizen of the United States. He is an applicant for Adjustment of Status to lawful permanent residence based on a visa petition filed by his U.S. citizen wife, Petitioner Davison, whom he married on October 11, 2002. See 8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(a).

9. Petitioner Barbara Davison is a United States citizen by birth. She resides in El Cerrito, California with her husband, Petitioner Graham Simpson. She filed an I-130 visa petition on Petitioner Simpson's behalf on or about September 14, 2004, concurrently with Petitioner Simpson's AOS application.

10. Respondent Robin BARRETT is the Field Office Director of the San Francisco office of the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, and is sued herein in her official capacity. See 8 C.F.R. §§ 2.1, 103.1.

11. Respondent Rosemary MELVILLE is the District Director of the San Francisco District Office of the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, and is sued herein in her official capacity.

12. Respondent Emilio GONZALEZ is the Director of U.S. Citizenship and Immigration Services, and is sued herein in his official capacity. See 8 C.F.R. §§ 2.1, 103.1.

13. Respondent Michael CHERTOFF is the Secretary of the U.S. Department of Homeland Security, and is sued herein in his official capacity. In this capacity, he has responsibility for the administration and enforcement of the immigration and

naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); see also 8 U.S.C. § 1103.

14. Respondent Peter D. KEISLER is the Attorney General of the Department of Justice, and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1103(g), 1105(b).

15. Respondent Robert S. MUELLER, III is the Director of the Federal Bureau of Investigation, and is sued herein in his official capacity. In this capacity, he has responsibility for maintaining and providing access to criminal history record information.

## FACTUAL ALLEGATIONS

16. Petitioners bring this action to compel USCIS to adjudicate Petitioner Davison's I-130 visa petition and Petitioner Simpson's concurrently-filed AOS application, which have been pending for over three years. Petitioner is eligible to adjust his status to that of a lawful permanent resident based on the I-130 visa petition that his United States citizen wife, Petitioner Davison, filed on his behalf. See Nightingale Dec. at Exh. C, D, E; see also 8 U.S.C. § 1154(a)(1)(A)(i) (immediate relative petitioning procedure); 8 U.S.C. § 1255(a) (adjustment of status application procedure); 8 C.F.R. § 1245.2(a)(2) (permitting concurrently-filed AOS applications and I-130 visa petitions).

17. Petitioner Simpson is a 49-year-old native and citizen of the United Kingdom. He first entered the United States on December 4, 1987 on a visitor's (B-2) visa. That visa was valid until June 3, 1988. On or about May 31, 1988, he filed an application to change his status of a treaty investor (E-2), based on his establishment of a restaurant in Kensington, California. That application was terminated on or about December 5, 1989. He has not left the United States since that date. Id. at Exh. A.

18. Petitioner Simpson married Petitioner Davison on October 11, 2002, in San Francisco, California. Id. at Exh. B. .

19. On or about September 14, 2004, Petitioner Davison filed an I-130 Visa Petition on behalf of Petitioner Simpson, and Petitioner Simpson concurrently filed an AOS application. Id. at Exh. C, D and E.

20. On or about November 12, 2004, Petitioners received a notice from Respondent that the application for adjustment of Status had been received. A copy of that notice is attached as Exhibit F.

21. On or about February 9, 2005, Petitioners were interviewed at the USCIS San Francisco District Office in regards to the adjustment application. Id. at Exh. G. At that time, they were told the application would be adjudicated pending completion of the background check. Id. at Exh. H. Petitioner was also requested to complete a Form I-508, which related to his application to change his status to a treaty investor. Id. at Exh. I. He submitted the completed Form on February 18, 2005. See id.

22. According to the USCIS website, as of September 15, 2007, the agency's processing timeframe for AOS applications, such as Petitioner Simpson's, is six months. Id. at Exh. J. Although Petitioner Simpson is eligible to adjust his status to lawful permanent resident and has submitted all required and requested documentation, the adjudication of his AOS application lags approximately two and half years behind normal processing time.

23. Petitioners have exhausted all available administrative remedies.

## CAUSES OF ACTION

24. Paragraphs 1 through 23 are incorporated herein.

25. Any citizen of the United States claiming that an alien is entitled to classification by reason of, inter alia, an immediate relative status under 8 U.S.C. § 1151(b)(2)(A)(i) may file a petition for such classification. See 8 U.S.C. § 1154(a)(1)(A)(i). Thereafter, if it is determined that the facts stated in the petition are true and that the alien on behalf of whom the petition is made is an immediate relative, as specified in section 8 U.S.C. § 1151(b), he or she shall approve the petition and forward one copy to the Department of State ("DOS"). See 8 U.S.C. § 1154(b). Where a visa is immediately available to the alien beneficiary, USCIS regulations permit the applicant to file an AOS application concurrently with an immediate relative visa petition. See 8 C.F.R. § 245.2(a)(2). Immigrant visas are immediately available to the spouses of United States citizens. See 8 U.S.C. § 1151(b)(2). Accordingly, in this case, the I-130 visa petition that Petitioner Davison filed on Petitioner Simpson's behalf would not have been forwarded to DOS upon approval, but would have been retained by the local USCIS office where the AOS is concurrently filed. See 8 C.F.R. § 245.2(a)(3).

26. Petitioner Simpson is the spouse of a United States citizen, Petitioner Davison, and is therefore immediately eligible to be accorded immigrant status. He entered the United Status legally as a visitor and was inspected upon admission; he is the immediate relative spouse of a United States citizen, and thus eligible to adjust his status in the United States to the status of a lawful permanent resident. See 8 U.S.C. §§ 1151(b)(2)(A)(i), 1255(a), 1255(c).

27. On or about September 14, 2004, Petitioner Davison filed an I-130 visa petition and Petitioner Simpson concurrently filed an AOS application and an I-130 visa petition, with filing fees and supporting documentation, with the San Francisco USCIS District Office. See Nightingale Dec. at Exh. C, D, E. The San Francisco District Office

of USCIS is currently processing similar adjustment applications that were filed approximately six months ago. Id. at Exh. J.

28. Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. Donovan v. United States, 580 F.2d 1203, 1208 (3d Cir. 1978).

29. Respondents have a duty to act upon the petition and application and have failed to do so in a reasonable time or manner. See, e.g., Patel v. Reno, 134 F.3d 929 (9th Cir. 1997). They have failed to adjudicate Petitioner Davison's I-130 visa petition, which she filed on behalf of Petitioner Simpson, and Petitioner Simpson's immediate relative AOS application. Respondents have thus violated the Immigration and Nationality Act.

30. In addition, Respondents have violated the Administrative Procedures Act, which provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

31. Petitioners have exhausted all other available remedies. They have "no other adequate means to attain the relief [they] desire[]." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Their right to issuance of the writ is therefore "clear and indisputable." Id.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order that USCIS adjudicate Petitioner Davison's Petition for Alien Relative (Form I-130) within 30 days;

(3) Order that USCIS adjudicate Petitioner Simpson's Application to Adjust Status (Form I-485) within 30 days;

(4) Award reasonable costs and attorneys' fees; and

(5) Grant such further relief as the Court deems just and proper.

Dated: September 27, 2007

Respectfully submitted,

Zachary Nightingale
Marc Van Der Hout
Avantika Shastri
Van Der Hout, Brigagliano &
Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Petitioners

By: _____
Zachary Nightingale