1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   EDWARD A. OLSEN, CSBN 214150
4  Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102
6      Telephone: (415) 436-6915
       FAX: (415) 436-6927
7
   Attorneys for Respondents
8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                           SAN FRANCISCO DIVISION

12  GRAHAM SIMPSON, and                    )
    BARBARA DAVISON,                       )   No. C 07-5008 JSW
13                                         )
                   Petitioners,            )
14                                         )
           v.                              )   **ANSWER**
15                                         )
    ROBIN BARRETT, in her Official Capacity,)
16  Field Office Director, U.S. Citizenship and)
    Immigration Services, U.S. Department of )
17  Homeland Security, San Francisco, California;)
    ROSEMARY MELVILLE, in her Official     )
18  Capacity, District Director, U.S. Citizenship and)
    Immigration Services, U.S. Department of )
19  Homeland Security, San Francisco, California;)
    EMILIO T. GONZALEZ, in his Official    )
20  Capacity, Director, U.S. Citizenship and )
    Immigration Services, U.S. Department of )
21  Homeland Security;) MICHAEL CHERTOFF,  )
    in his Official Capacity, Secretary, U.S. )
22  Department of Homeland Security; PETER D.)
    KEISLER, in his Official Capacity, U.S. )
23  Attorney General, U.S. Department of Justice;)
    and ROBERT S. MUELLER, III, in his Official)
24  Capacity, Director, Federal Bureau of  )
    Investigation,                         )
25                                         )
                   Respondents.            )
26  _____)

27      The Respondents hereby submit their answer to Petitioners' Petition for Writ of Mandamus.

28

    ANSWER
    C 07-5008 JSW                              1

## INTRODUCTION

1. Paragraph One consists of Petitioners' characterization of this action, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Respondents deny that jurisdiction exists under any of the provisions cited in Paragraph One.

2. Respondents admit that the I-130 and I-485 applications were filed on September 14, 2004. Respondents deny the allegation that the I-130 has been pending for over three years; it was granted on February 9, 2005. Respondents admit the I-485 application has been pending for over three years.

3. Respondents admit the allegations in the first two sentences of Paragraph Three, but deny the allegations in the last sentence of Paragraph Three.

4. Respondents admit the first sentence in Paragraph Four. Respondents are without sufficient information to admit or deny the allegations in the second sentence. Respondents deny the allegation that the delay is unreasonable and unlawful.

## JURISDICTION AND VENUE

5. Paragraph Five consists of Petitioners' allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents deny that this Court has jurisdiction under any of the provisions cited in Paragraph Five.

6. Paragraph Six consists of Petitioners' allegations regarding venue, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents are without sufficient information or knowledge to either admit or deny Petitioners' allegations regarding venue.

## INTRADISTRICT ASSIGNMENT

7. Paragraph Seven consists of Petitioners' allegations regarding intradistrict assignment, to which no responsive pleading is required.

## PARTIES

8. Respondents admit the allegations in Paragraph Eight; however, Respondents are without sufficient information to admit or deny Petitioner Simpson's current residence.

ANSWER
C 07-5008 JSW                                              2

1    9.  Respondents admit the allegations in Paragraph Nine; however, Respondents are without sufficient information to admit or deny Petitioner Davison's current residence.

10.  Respondents admit the allegations in Paragraph Ten.

11.  Respondents admit the allegations in Paragraph Eleven.

12.  Respondents admit the allegations in Paragraph Twelve.

13.  Respondents admit the allegations in Paragraph Thirteen.

14.  Respondents deny the allegations in Paragraph Fourteen.  Michael Mukasey is the Attorney General of the United States.

15.  Respondents admit the allegations in Paragraph Fifteen.

**FACTUAL ALLEGATIONS**

16.  Paragraph Sixteen consists of Petitioners' characterization of this action, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, respondents deny the allegations in this paragraph.

17.  Respondents admit the first three sentences in Paragraph Seventeen.  Respondents are without sufficient information to admit or deny the E-2 treaty investor application date.  Respondents deny the application was terminated.  Petitioner changed status from B-2 to E-2 and an extension of status was granted on December 5, 1988, and Petitioner was authorized to remain until December 5, 1989.  Respondents are without sufficient information to admit or deny the allegations in the last sentence of Paragraph Seventeen.

18.  Respondents admit the allegations in Paragraph Eighteen.

19.  Respondents admit the allegations in Paragraph Nineteen.

20.  Respondents admit the allegations in Paragraph Twenty.

21.  Respondents admit the allegations in Paragraph Twenty-One.

22.  Respondent admit the first sentence in Paragraph Twenty-Two; however, Respondents are without sufficient information to admit or deny the remaining allegations.

23.  Respondents deny the allegations in Paragraph Twenty-Three.

///

ANSWER
C 07-5008 JSW                                      3

## CAUSE OF ACTION

24. Respondents incorporates its responses to Paragraph One through Twenty-Three as if set forth fully herein.

25. Respondents admit the allegations in Paragraph Twenty-Five.

26. Respondents admit the allegations in Paragraph Twenty-Six; however, Respondents are without sufficient information to admit or deny Petitioner Simpson's eligibility.

27. Respondents admit the allegations in Paragraph Twenty-Seven.

28. Paragraph Twenty-Eight consists of Petitioners' characterization of this action, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Respondents deny the allegations in this paragraph.

29. Respondents deny the allegations in Paragraph Twenty-Nine.

30. Respondents deny the allegations in Paragraph Thirty.

31. Respondents deny the allegations in Paragraph Thirty-One.

## PRAYER FOR RELIEF

The remaining allegations under the heading "Prayer for Relief" consists of Petitioners' prayer for relief and request for fees and costs, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Respondents deny this paragraph.

## FIRST AFFIRMATIVE DEFENSE

Petitioners' Petition fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The court should dismiss the Petition for Writ of Mandamus for lack for subject matter jurisdiction.

///

///

ANSWER
C 07-5008 JSW                                                    4

WHEREFORE, Respondents pray for relief as follows:

That judgment be entered for Respondents and against Petitioners, dismissing Petitioners' Petition with prejudice; that Petitioners take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: November 27, 2007                              Respectfully submitted,

                                                     SCOTT N. SCHOOLS
                                                     United States Attorney


                                                            /s/
                                                     EDWARD A. OLSEN
                                                     Assistant United States Attorney
                                                     Attorneys for Respondents